# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON BRITO, Plaintiff | No. 3:09cv1257 |
| v. | (Judge Munley) |
| UNITED STATES OF AMERICA, Defendant | |

## MEMORANDUM

Before the court is Defendant United States of America's motion to dismiss or, in the alternative, motion for summary judgment. (Doc. 14). Having been fully briefed, the motion is now ripe for disposition.

## BACKGROUND

Plaintiff Ramon Brito ("Brito") brings this claim under the Federal Tort Claims Act ("FTCA") alleging medical negligence by the prison staff at Low Security Correctional Institution– Allenwood ("LSCI – Allenwood"), in White Deer, Pennsylvania. (Compl. (Doc. 1)).[1] Brito alleges that he fractured the pinky finger on his left hand in September 2006. (Compl. at 2 (Doc. 2)). Brito was X-rayed, the finger was splinted, and Brito was given pain medication. (Id.) A follow-up X-ray in October of 2006 indicated that the fracture remained. (Id.) On October 25, 2006 Brito was examined again. The splint was removed and Brito performed range of motion exercises. (Id.) Brito indicated that he is a diabetic and that his injury was slow to heal.

In November of 2006 Brito was X-rayed again, revealing that the

---

[1] Plaintiff has separately filed a Bivens action in the related case Brito v. United States Department of Justice et al, No. 3:08cv1673 (M.D. Pa. filed Sept. 9, 2008). See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (holding that a violation of an individual's constitutional rights by a federal agent acting under color of his authority gives rise to a cause of action for damages).

fracture was not healing.  (Id.)  Through January of 2007 Brito was given pain medication and continued to perform range of motion exercises at the direction of the medical staff.  (Compl. at 3 (Doc. 1)).  In January of 2007 Brito fell while cleaning a bathroom and injured the ring finger of his left hand.  (Id.)

On April 19, 2007 Brito was examined by Dr. Thomas Dominick who noted that Brito "was extremely noncompliant with his range of motion exercises and he developed a contracture to the [pinky] finger."  (Notes of Thomas F. Dominick, M.D., Pl.'s Ex. D (Doc. 17 at 16)).  Dominick noted that while range of motion exercises and physical therapy "may be of some benefit" to Brito, surgery would be required to regain Brito's ability to move his pinky finger.  (Id.)  Dominick stated he would refer Brito to a hand specialist.  (Id.)

On June 27, 2007 Brito was examined by David Ball, D.O.  (Notes of David J. Ball, D.O., Pl.'s Ex. C (Doc. 17 at 15)).  Doctor Ball noted that Brito "had been totally noncompliant with his range of motion and exercises and that was apparently one of the reasons why he developed a contracture of the left [pinky finger]."  (Id.)  Doctor Ball informed Brito that some of his patients who developed contractures after trying to treat themselves choose to have their finger amputated.  (Id.)

On June 29, 2008 Brito filed an administrative tort claim with the BOP claiming $120,000.00 for his injuries.  (Compl. at 9 (Doc. 1)).  His claim was denied on December 23, 2008.  (Denial Letter (Doc. 15-2 at 4)).  Brito's complaint (Doc. 1), along with his motion to proceed *in forma pauperis* (Doc. 2) was filed against Defendant United States of America on July 1, 2009.  On July 22, 2009 this court granted Brito's motion to proceed *in forma pauperis*.  (Doc. 8).  Defendant United States of America filed a motion to dismiss or, in the alternative, a motion for summary judgment on

October 13, 2009, bringing the case to its present posture. (Doc. 14).

**JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1346(b)(1) ("The district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."), and 28 U.S.C. § 1402(b) ("Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.").

The plaintiff is currently incarcerated at LSCI – Allenwood, Pennsylvania, which is located in the Middle District of Pennsylvania. Plaintiff's claims arose from conduct that occurred during his confinement at LSCI-Allenwood. The United States is a party to this action, and the action concerns the Eighth Amendment of the United States Constitution.

**LEGAL STANDARD**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable

to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaints. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters

4

of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

Defendant United States of America moves to dismiss Brito's complaint for two reasons: that Brito's claim is barred by the statute of limitations and that Brito failed to file a certificate of merit.  Because we find that Brito's failure to file a certificate of merit entitles Defendant United States of America to a dismissal, we do not address whether the statute of limitations bars Brito's claim or whether the doctrine of equitable tolling would preserve it.

The record indicates that plaintiff has not submitted a certificate of merit ("COM"), as required by Pennsylvania Rule of Civil Procedure 1042.3(a).[2]  The Supreme Court of Pennsylvania adopted this rule to

---

[2] Rule 1042.3 provides that:
(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

5

"identify and weed non-meritorious malpractice claims from the judicial system efficiently and promptly." Womer v. Hilliker, 908 A.2d 269, 275 (Pa. 2006). We note, initially, that the requirements of Rule 1042.3(a) apply to *pro se* plaintiffs, such as Brito. See Hodge v. U.S., No. 06cv1622, 2009 WL 2843332, at *4, n.3 (M.D. Pa. Aug. 31, 2009); Maruca v. Hynick, No. 06cv689, 2007 WL 675038, at *3 (M.D. Pa. Feb. 27, 2007). See also Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (holding that a New Jersey expert affidavit requirement, similar to Rule 1042.3(a), is substantive in nature, and therefore binding upon a federal district court in a diversity case).

Whereas in Pennsylvania state court the failure to file a COM entitles a defendant to a judgment of *non pros* under Pennsylvania Rule of Civil Procedure 1042.6, a similarly situated defendant in a diversity case in federal court can obtain a dismissal under Federal Rule of Civil Procedure 12(b)(6). See e.g. Bresnahan v. Schenker, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007). A dismissal under Rule 12(b)(6), however, would be without prejudice because "'the entry of judgment non pros is a default judgment that does not bar the plaintiff from commencing another suit upon the same cause of action. Indeed, the Pennsylvania Rules of Civil Procedure expressly provide a mechanism for relief from a judgment of non pros in the form of Rule 3051.'" Id. (quoting Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 511 (E.D. Pa. 2004)).

Since Brito failed to comply with the COM requirement we must determine whether there is an applicable exception. "Under Pennsylvania

---

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

PA. R. CIV. P.1042.3(a).

law, a court may consider two equitable exceptions when a plaintiff has improperly filed a COM: [1] whether the plaintiff has substantially complied with Rule 1042.3 and [2] whether the plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply." Ramos v. Quien, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008) (citing Womer, 908 A.2d at 276, 279). Because Brito made no effort to file a COM, his failure is more than a mere procedural defect and he is, therefore, ineligible for the substantial compliance exception. See Womer, 908 A.2d at 278. Thus, we must only determine whether Brito has "a 'reasonable explanation' or 'legitimate excuse' for failure to comply with the COM rule[.]" Ramos, 631 F. Supp. 2d at 611 (quoting PA. R. CIV. P. 3051).

In Womer, the plaintiff seeking relief from a judgment of *non pros* served an expert report on the defendant– albeit within the sixty day time limit– instead of filing it with the court. 908 A.2d at 280. The Supreme Court of Pennsylvania held that the trial court did not abuse its discretion in refusing to accept the plaintiff's explanation. Id.

In this case, Brito offers two excuses for his failure to provide a COM. First, Brito argues that he asked the Bureau of Prisons ("BOP") for the license number of Doctor Brady and that the BOP refused to provide it. Brito contends that without being given a license number he could safely assume that Doctor Brady was not licensed, relieving Brito of the duty to file a COM. Alternatively, Brito argues that the medical notes of Doctors David J. Ball, D.O. (Pl.'s Ex. C (Doc. 17 at 15)) and Thomas F. Dominick, M.D. (Pl.'s Ex. D (Doc. 17 at 16), which each recommended referring Brito to orthopedic hand-specialists, constitute a COM.

After a careful review, it is apparent that Brito has not provided a reasonable explanation for his failure to submit a COM. Brito's claim that he had no way of knowing that Doctor Brady was a licensed medical

7

professional is belied by the exhibits provided by Brito himself– stamped as having been reviewed by "Dr. J. Brady, CD" and "Dr. J. Brady, Clinical Director." (See Pl.'s Exs. C and D (Doc. 17 at 15, 16)). In fact, Brito's administrative tort claim and his complaint in this case each refer to "Dr. Brady" twice. (See Compl. (Doc. 1)). Brito was therefore on notice that Brady was a licensed professional and that Rule 1042.3 applied.

Furthermore, the medical notes of Doctors Ball and Dominick do not satisfy the requirements of Rule 1042.3. First, they do not indicate that "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm[.]" PA. R. CIV. P. 1042.3(a)(1). (See Pl.'s Exs. C and D (Doc. 17 at 15, 16)). Each doctor suggests a referral to a hand-specialist, but each also notes that Brito's noncompliance with his range of motion exercises was one cause for his contractures. (See Pl.'s Exs. C and D (Doc. 17 at 15, 16)). Most important, for our purposes, neither doctor opines that Brito's treatment fell outside professional standards. Doctor Ball did state that some of his patients who developed contractures after trying to treat themselves choose to have their finger amputated. (Pl.'s Ex. C (Doc. 17 at 15)). It is understandable that Brito reads this statement as an indication that his regimen of self-treatment was not the best course, since it might regrettably lead to the amputation of his finger or fingers. Rule 1042.3, however, requires a stronger statement– that the regimen proscribed probably violated medical norms. Finally, even if either doctor's statement included the necessary information indicating a failure to meet professional standards, Rule 1042.3 also requires a plaintiff to file a COM within sixty days of filing his complaint, which Brito failed to do. For these reasons,

Brito has failed to satisfy the certificate of merit requirement of Pennsylvania Rule of Civil Procedure 1042.3.

**CONCLUSION**

Because Brito has failed to satisfy the Certificate of Merit requirement of Rule 1042.3 he has failed to state a claim, entitling Defendant United States of America to the dismissal of Brito's complaint, without prejudice. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAMON BRITO,
: No. 3:09cv1257
    Plaintiff
:
  v.
: (Judge Munley)
:
UNITED STATES OF AMERICA,
:
    Defendant
:

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 15th day of March 2010, upon consideration of Defendant United States of America's motion to dismiss (Doc. 14), it is HEREBY **ORDERED** that the motion is **GRANTED**. Plaintiff Brito's claim is HEREBY **DISMISSED** without prejudice.

                                               **s/ James M. Munley**
                                               **JUDGE JAMES M. MUNLEY**
                                               **United States District Court**